LEFFER v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit. December 5, 1927.

No. 5287.

1. Aliens ⊂⊃54(17)—Probative value of alien's admission as to prostitution held for immigration authorities, and courts.

In proceeding to deport alien on ground that she was engaged in prostitution, probative value of testimony as to her admission that she was engaged in prostitution, made to officers when they came to her premises, was for immigration authorities as any other conflicting testimony, and the courts cannot disturb their findings thereon.

**2. Aliens ⊚⇒54(9)—Solicitation to illicit sexual intercourse may be such as to constitute conclusive evidence as to habitual prostitution, warranting deportation.**

Though a single act of illicit sexual intercourse does not necessarily constitute prostitution, as respects right to deport an alien for such practice, the solicitation to such an act may be made in such a manner and under such circumstances as to constitute the most convincing evidence of an habitual practice.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petition for habeas corpus by Fannie Leffer against John D. Nagle, Commissioner of Immigration, Port of San Francisco, Cal. Petition denied, and petitioner appeals. Affirmed.

Clifford A. Russell and Donald McKisick, both of Sacramento, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The appellant, an alien, was ordered to be deported, upon a finding that she was engaged in prostitution; and this proceeding was brought to test the validity of the order. By reference her petition incorporated the record made in the department and the issue was disposed of in the court below by a ruling sustaining the Commissioner's demurrer. From the department record it appears, upon the testimony of two officers, that, having information petitioner was engaged in prostitution in Sacramento, they went to what was ostensibly a rooming house of which, admittedly, she was the proprietress. After some general conversation, she offered herself to them in such a way that, if their testimony is to be credited, there is left no room for doubt that she was engaged in prostitution of the most wanton character. They thereupon disclosed their official position and subjected her to an inquiry, in the course of which she stated that she had been practicing prostitution at that place for six months. [1, 2] Upon the subsequent hearing, when she was represented by counsel, she denied that she had intended to make any such statement, giving as an explanation that her hearing was seriously impaired and that she must have misunderstood the questions put to her. While under the circumstances the testimony touching her admission is not highly convincing, after all, upon established principles, its probative value, as that of any other conflicting testimony, was for the department, and the courts are not at liberty to disturb its findings. But, entirely aside from the alleged admission, her conduct, as related by the two officers, is ample to justify the order of deportation. True, a single act of illicit sexual intercourse does not necessarily constitute prostitution, but the solicitation to such an act may be made in such manner and under such circumstances as to constitute the most convincing evidence of an habitual practice.

Judgment affirmed.